## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

SHERINETTE WANNAMAKER,    )
#253252,                  )
                          )    CIVIL ACTION NO. 9:13-2934-TLW-BM
            Petitioner,   )
                          )
v.                        )    **REPORT AND RECOMMENDATION**
                          )
WARDEN, GRAHAM            )
CORRECTIONAL INSTITUTION, )
                          )
            Respondent.   )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on October 23, 2013.[1]

The Respondent filed a return and motion for summary judgment on April 4, 2014. As the Petitioner is proceeding pro se, a Roseboro order was filed on April 7, 2014, advising the Petitioner that she had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if she failed to respond adequately, the motion for summary judgment may be granted, thereby ending her case. Petitioner thereafter filed a response in opposition on April 18, 2014, and a supplemental response on May 5, 2014.

This matter is now before the Court for disposition.[2]

_____

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this

(continued...)



1

**Procedural History**

Petitioner was indicted in Richland County in May 1998 for the armed robbery and murder of Amber Bone. [Indictment Nos. 98-GS-40-23097 & -23098]. See Court Docket No. 27-1, pp. 28-30. Petitioner was represented by Theresa N. Johns, Esquire. After a trial by jury on September 21-25, 1998, Petitioner was found guilty as charged. (R.p. 1184). Petitioner was sentenced to fifteen (15) years imprisonment for armed robbery and life imprisonment for murder. (R.p. 1201).

Petitioner filed a timely direct appeal. Petitioner was represented on appeal by Joseph L. Savitz, Deputy Chief Appellate Defender of the South Carolina Office of Appellate Defense. Petitioner raised the following issues on direct appeal:

> Ground One: The judge erred by refusing to suppress a custodial statement improperly obtained by police after appellant invoked her right to counsel.

> Ground Two: The judge erred by refusing to allow evidence that LaShawn Roberts wrote appellant a letter admitting that she alone had killed Amber Bone because she was jealous.

(R.p. 1207).

On July 23, 2001, the South Carolina Supreme Court issued an order affirming Petitioner's convictions. (R.pp. 1239-1244); see also Wannamaker v. State, 552 S.E.2d 284 (S.C. 2001). The Remittitur was sent down on August 14, 2001. See Court Docket No. 27-12, p. 1.

On January 24, 2002, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Wannamaker v. State of South Carolina, No. 2002-CP-40-330. See Court Docket No. 27-13, pp. 1-7. Petitioner raised the following issues in her APCR:

_____

(...continued)
is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



(1) I don't think that I'm being held unlawfully; But I believe "The State" should've been more open to the facts.

    (a) I'm the one who got in touch with the Investigators;

    (b) While in detention, my co-defendant wrote a threatening letter, stating she would kill me like she did the victim in my case;

    (c) I was very cooperative with the detectives, and I voluntarily revealed information I received from my co-defendant.

<u>See</u> Court Docket No. 27-13, pp. 2-3.

        Petitioner was originally represented in her APCR by Tara Dawn Shurling, Esquire. However, on July 14, 2005, the PCR judge entered an order granting Shurling's motion to be relieved because she had also represented and interviewed LaShawn Roberts ("Roberts"), Petitioner's co-defendant. <u>See</u> Court Docket No. 27-15. Heather Cairns, Esquire, was then appointed to represent Petitioner and filed an amendment to the PCR application on November 23, 2005, raising the following issues:

(a) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to object to the denial of a lesser include charge to the jury.

(b) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to explain to the Applicant her opportunity to plead guilty.

(c) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to meet sufficient times with Applicant prior to her trial to allow Applicant to assist in her defense.

(d) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to offer evidence in support of a lesser included charge.

(e) Applicant was denied the effective assistance of trial counsel due to trial counsel's introduction of evidence damaging to Applicant in the form of a defense witness.

(f) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to advise her client to not offer information regarding the possible weapons to

3



the State.

(g) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to obtain some offer from the State prior to having her client offer the possible murder weapons to the State.

(h) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to fully explore defenses available to the Applicant had trial counsel fully explored the intimate relationship between the co-defendants.

(i) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to fully explain the charges and options available to the applicant prior to the waiving of formal arraignment.

(j) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to have any cognizable trial strategy.

(k) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to attempt to enter any of the other notes the codefendant had written to the applicant while at the Alvin S. Glenn Detention Center.

See Court Docket No. 27-17, pp. 2-3.

On February 3, 2006, Petitioner's counsel made another amendment to the application to assert the following claims:

(a) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to explain to the Applicant her opportunity to plead guilty.

(b) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to meet sufficient times with Applicant prior to her trial to allow Applicant to assist in her defense.

(c) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to offer evidence in support of a lesser included charge.

(d) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to advise her client to not offer information regarding the possible weapons to the State.

(e) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to obtain some offer from the State prior to having her client offer the possible



murder weapons to the State.

(f) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to attempt to enter any of the other notes the codefendant had written to the applicant while at the Alvin S. Glenn Detention Center.

(g) Applicant was denied effective assistance of trial counsel due to trial counsel's failure to object to the state's use of a prejudicial nickname for the defendant.

See Court Docket No. 27-18, p. 2.

On February 13, 2006, Petitioner's counsel made a third amendment to the application to assert the following issues:

(a) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to explain to the Applicant her opportunity to plead guilty.

(b) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to meet sufficient times with Applicant prior to her trial to allow Applicant to assist in her defense.

(c) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to offer evidence in support of a lesser included charge.

(d) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to advise her client to not offer information regarding the possible weapons to the State.

(e) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to obtain some offer from the State prior to having her client offer the possible murder weapons to the State.

(f) Applicant was denied the effective assistance of trial counsel's failure to object to the state's use of a prejudicial nickname for the defendant.

(g) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to elicit testimony regarding the request defendant made for a lawyer.

(h) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to challenge the testimony of the pathologist when it differed from his own pre-trial report.



(i) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to elicit testimony from the pathologist regarding the location of the wounds and the likely dominant hand of the person wielding the weapons.

(j) Applicant was denied the effective assistance of trial counsel due to trial counsel's failure to elicit testimony from the crime scene investigator regarding the possible different sources of blood found at the crime scene.

See Court Docket No. 27-19, pp. 2-3.

An evidentiary hearing was held on Petitioner's application on April 6, 2006.[3]  In an order dated April 25, 2006 (filed on May 2, 2006), the PCR judge denied relief in its entirety.  See Court Docket No. 27-20.  However, on May 9, 2006, Petitioner filed a Motion for relief from Order and moved to vacate the Order of dismissal as the Court had not yet received a proposed Order from the Petitioner prior to the issuance of the order by the Court; see Court Docket No. 27-21; and by Order dated May 9, 2006, the PCR judge vacated the order denying relief from April 25, 2006.  See Court Docket No. 27-22.  The PCR judge then granted Petitioner relief in an Order dated January 31, 2008 (filed February 5, 2008).  See Court Docket No. 27-23.  The State moved to alter or amend the judgment on February 5, 2008; see Court Docket Nos. 27-24 and 27-25; but by Order dated May 12, 2008 (filed May 14, 2008), the PCR judge again granted relief.  (R.pp. 1245-1256).

The State filed a timely appeal of the PCR court's order, and on May 29, 2008, requested a copy of the transcript from the April 6, 2006 evidentiary hearing.  See Court Docket No. 27-26.  After being advised by the court reporter that the tapes were not available to allow transcription of the proceedings, the State moved to remand for reconstruction of the PCR evidentiary hearing;  see Court Docket No. 27-26, p. 2l; and on April 13, 2009, the South Carolina Supreme

---

[3]The transcript of this hearing is not available.  The unavailability of the transcript lead to another evidentiary hearing, which controls in subsequent proceedings.  See Court Docket No. 27-26; see also R. pp. 1257-1258, 1296.



Court remanded the matter to the PCR judge to attempt to reconstruct the record. (R.pp. 1257-1259).

The PCR judge held a reconstruction hearing on May 27, 2009. (R.pp. 1260-1295). After considering the available evidence, the PCR judge determined that proper reconstruction was not possible and notified the South Carolina Supreme Court by way of a form order dated August 1, 2009. (R.p. 1296). On August 20, 2009, the South Carolina Supreme Court remanded the PCR action "to the circuit court for a new hearing on respondent's application for post-conviction relief." (R.pp. 1296-1297).

On December 10, 2009, the PCR judge held another hearing on Petitioner's APCR. (R.pp. 1298-1335). In an order dated May 4, 2010 (filed on May 5, 2010), the PCR judge issued an order denying relief in its entirety. (R.pp. 1337-1359).

The Petitioner filed a timely appeal of the PCR court's order. Petitioner was represented on appeal by Wanda H. Carter, Deputy Chief Appellate Defender of the South Carolina Office of Appellate Defense, who filed a petition raising the following issue:

> Trial counsel erred in revealing to the solicitor the location and availability of the murder [weapon] in the case because this was disadvantageous to petitioner's defense since the solicitor did not offer a plea bargain for a lesser crime in exchange for this information, but rather used this information as material and corroborative evidence on behalf of the state's case and to the defense's detriment.

See Court Docket No. 27-27, p. 2.

On March 15, 2012, Petitioner's counsel filed an amended petition, raising the following issues:

> **Ground One:** The PCR court erred in issuing the order of dismissal denying PCR to petitioner because this order was in conflict with the prior order which previously granted PCR to Petitioner.

> **Ground Two:** Trial counsel erred in revealing to the solicitor the location and availability of the murder weapon in the case because this was disadvantageous to petitioner's defense since the solicitor did not offer a plea bargain for a lesser crime



in exchange for this information, but rather used this information as material and corroborative evidence on behalf of the state's case and to the defense's detriment.

<u>See</u> Court Docket No. 27-28, p. 2.

Also on March 15, 2012, Petitioner filed a petition to reinstate the original PCR order granting her relief, to vacate the conflicting PCR order of dismissal, and to accept the filing of an amended petition for writ of certiorari.  <u>See</u> Court Docket No. 27-29.  On March 22, 2012, the State made a return to the petition in regard to the request to reinstate;  <u>see</u> Court Docket No. 27-30; and on April 18, 2012, the South Carolina Supreme Court denied the request to reinstate.  <u>See</u> Court Docket No. 27-31.

The State then made its return to the petition on July 12, 2012.  <u>See</u> Court Docket No. 27-32.  On September 18, 2013, the South Carolina Supreme Court denied the writ of certiorari [<u>See</u> Court Docket No. 27-33] and subsequently issued the Remittitur on October 7, 2013.  <u>See</u> Court Docket No. 27-34.

In her Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds for relief:

**Ground One:** Violation of Due Process.

<u>Supporting Facts</u>: Trial counsel was ineffective for failing to object and put into evidence a motion to have my third statement suppressed, when she knew I first asked for a lawyer & only when the questioning continued, did I ask for my mother.  She left into evidence, the investigator saying I asked for a lawyer or my mother which wasn't true.

**Ground Two:** Availability of weapons, ineffective assistance of counsel.

<u>Supporting Facts</u>: Offering the weapons to the state without securing an offer or some type of benefit.

8



**Ground Three:** Availability of murder weapons.

> Supporting Facts: Trial counsel erred in revealing to the solicitor the location and availability of the murder weapon because, this was disadvantageous to petitioners defense since the solicitor did not offer a plea bargain for a lesser crime in exchange for this information, but used it as material and corroborative evidence on behalf of the state's case to the defense's detriment.

**Ground Four:** Fundamental Fairness, Due process, ineffective assistance.

> Supporting Facts: The judge erred by refusing to allow evidence that LaShawn Roberts wrote appellant a letter admitting that she alone had killed Amber Bone because she was jealous.

See Petition, pp. 6-11.

### Discussion

Respondent asserts that Petitioner's claims are without merit and seeks summary judgment and dismissal of the Petition.  Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11.  Further, while the federal court is charged with liberally construing  pleadings filed by a pro se litigant to allow the development of a potentially meritorious case;  See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists.  Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

9



## I.

With regard to Petitioner's first allegation asserting ineffective assistance of trial counsel for allowing a violation of her due process rights by failing to ask for proper clarifying questions at the *in camera* hearing, this issue was not raised in Petitioner's PCR appeal. See Court Docket No. 27-28, p. 2. Since the Petitioner did not pursue and exhaust this claim in her PCR appeal, it is barred from further state collateral review; Whiteley v. Warden, Wyo. State Penitentiary, 401 U.S. 560, 562 n. 3 (1971); Wicker v. State, 425 S.E.2d 25 (S.C. 1992); Ingram v. State of S.C., No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); Josey v. Rushton, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); Aice v. State, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue this issue, it is otherwise fully (but not properly) exhausted. Coleman v. Thompson, 501 U.S. 722, 735, n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-298 (1989); George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], cert. denied, 117 S.Ct. 854 (1997); Aice, 409 S.E.2d at 393; Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], cert. denied, 522 U.S. 833 (1997); Ingram, 1998 WL 726757 at **1.

However, even though technically exhausted, since this issue was not *properly* pursued



10

and exhausted by the Petitioner in the state court (by appealing and obtaining a ruling thereon),

federal habeas review of this claim is now precluded absent a showing of cause and prejudice, or

actual innocence.  Wainwright v. Sykes, 433 U.S. 72 (1977); Waye v. Murray, 884 F.2d 765, 766 (4th

Cir. 1989), cert. denied, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims
> in State court pursuant to an independent and adequate State
> procedural rule, Federal Habeas review of the claim is barred unless
> the prisoner can demonstrate cause for the default and actual prejudice
> as a result of the alleged violation of Federal law, or demonstrate that
> failure to consider the claims will result in a fundamental miscarriage
> of justice.

Coleman, 501 U.S. at 750.

No showing of cause and prejudice or actual innocence has been made in this case.

First, Petitioner does not dispute that this issue was not raised or considered in her

PCR appeal; rather, she complains that her PCR appellate counsel only attempted to raise two issues

on appeal even though Petitioner had requested that she raise additional issues.[4]  See Petitioner's

Response in Opposition to Motion for Summary Judgment, p. 5.  However, ineffective assistance

of PCR appellate counsel is not cause for a default.  Martinez v. Ryan, 565 U.S. ___, ___, 132 S.Ct.

1309, 1316 (2012)[5];  Cross v. Stevenson, No. 11-2874, 2013 WL 1207067 at * 3 (D.S.C. Mar. 25,

2013)["Martinez . . . does not hold that the ineffective assistance of counsel in a PCR appeal

establishes cause for a procedural default.  In fact, the Supreme Court expressly noted that its holding

---

[4]Petitioner could not have filed a *pro se* brief since she was represented by counsel.  Cf Miller v. State, 697 S.E.2d 527 [Since there is no right to "hybrid representation", a pro se motion is "essentially a nullity."].

[5]In Martinez, the United States Supreme Court carved out a narrow exception  where ineffective assistance of initial PCR counsel, but not appellate PCR counsel, may constitute cause for a procedural default.   Martinez, 132 S.Ct. at 1316-1318.



'does not concern attorney errors in other kinds of proceedings, including appeals from initial-review

collateral proceedings, second or successive collateral proceedings, and petitions for discretionary

review in a State's appellate courts."](quoting Martinez, 132 S.Ct. at 1320); Rodriguez v. Padula,

No. 11-1297, 2014 WL 1912345 at * 7 (D.S.C. May 12, 2014); Johnson v. Warden of Broad River

Corr., No. 12-7270, 2013 WL 856731 at * 1 (4th Cir. Mar. 8, 2013)[PCR appellate counsel error

cannot constitute cause under Martinez exception]; Johnson v. Cartledge, No. 12-1536, 2014WL

1159591 at *10 (D.S.C. Mar. 21, 2014](same); Lewis v. Williams, No. 12-3214, 2013 WL 3929993

at *4 (C.D.Ill. July 29, 2013)[Ineffective assistance of PCR appellate counsel is not a ground for relief

under § 2254]; Flowers v. Norris, No. 07-197, 2008 WL 5401675 at * 11 (E.D.Ark. Dec. 23,

2008)[same]. Since Martinez does not provide Petitioner with grounds for cause for her procedural

default of this issue, she cannot obtain relief on that basis. Rodriguez v. Young, 906 F.2d 1153, 1159

(7th Cir. 1990), cert. denied, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice

without cause gets a defaulted claim into Federal Court."].

   Nor does the undersigned find that Petitioner has met her burden of showing actual

innocence, or that a fundamental miscarriage of justice will occur if this claim is not considered. see,

Wainwright v. Sykes, supra; Murray, 477 U.S. at 496; Rodriguez, 906 F.2d at 1159 [a fundamental

miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has

probably resulted in the conviction of one who is actually innocent"](citing Murray v. Carrier, 477

U.S. at 496)); Sawyer v. Whitley, 505 U.S. 333, 348 (1992); Bolender v. Singletary, 898 F.Supp. 876,

881 (S.D.Fla. 1995)). To prevail under an "actual innocence" theory, Petitioner must produce new

evidence that was not available at trial to show her factual innocence. Royal v. Taylor, 188 F.3d 239,

244 (4th Cir. 1999). Further, Petitioner must "demonstrate actual factual innocence of the offense or



conviction; i.e., that petitioner did not commit the crime of which [s]he was convicted." United States v. Mikalajunas, 186 F.3d 490, 494 (4ᵗʰ Cir. 1999). Petitioner has introduced no evidence that was not available at the time of her trial to establish her factual innocence.

Therefore, this issue is procedurally barred from consideration by this Court, and must be dismissed. See 28 U.S.C. § 2254.

## II.

Petitioner's convictions arose out of an incident where the victim was stabbed in the back nine times and her skull was crushed. See State v. Wannamaker, 552 S.E.2d 284, 285-286 (S.C. 2001). With respect to Petitioner's Grounds Two and Three, that her trial counsel was ineffective for offering the weapons used in the crime to the State without securing an offer or some type of benefit, and for revealing to the solicitor the location and availability of the murder weapon, Petitioner contends that these actions were disadvantageous to her defense since the solicitor did not offer a plea bargain for a lesser crime in exchange for this information, but used it as material and corroborative evidence on behalf of the State's case to her detriment.

These issues were raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in her petition. Butler v. State, 334 S.E.2d 813, 814 (S.C. 1985), cert. denied, 474 U.S. 1094 (1986). The PCR court rejected these claims, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. See Wannamaker v. South Carolina, No. 02-CP-40-330. Specifically, the PCR judge found that: 1) Petitioner's trial counsel testified that she first met with Petitioner on May 26, 1997; 2) Petitioner's case was not counsel's first murder case and her defense strategy was to show that Petitioner was less culpable than co-defendant LaShawn Roberts; 3) counsel testified that her strategy was to seek a



lesser included offense for murder; 4) counsel testified that she believed that it fell squarely within the "sudden passion" realm with evidence that Petitioner knew the victim, that Roberts had attacked the victim, and that Roberts then coerced and forced Petitioner to help clean up the motel room where the murder had occurred; 5) counsel testified that the legal provocation would have come from Roberts; 6) counsel testified that she understood that there was no transferred intent in a "sudden passion" case; 7) counsel testified that homicide cases are difficult because the ultimate goal is to receive an acquittal but that defense counsel must try to forecast what the jury will believe from the testimony; 8) counsel testified that the only provocation was possibly that Petitioner was offended by the victim's touching of her leg and victim's advances on Petitioner; 9) counsel testified that any discussion about voluntary manslaughter with the Petitioner would have been minimal; 10) counsel testified that a Jackson v. Denno[6] hearing was held to determine the admissibility of three statements made by Petitioner; 11) counsel testified that she discussed the hearing with Petitioner and explained the goal of the hearing, although counsel was unsuccessful in suppressing the statements; 12) counsel testified that she was aware that Petitioner had the murder weapon in her possession; 13) counsel attempted to make a deal with the Solicitor in exchange for the murder weapon, which could be used in the prosecution of Roberts; 14) counsel acknowledged that the weapon helped solidify the case against Petitioner, but testified that the question was not whether the weapon was used or that Petitioner used it, but the level of culpability of Petitioner; 15) counsel testified that the Solicitor made no promises in exchange for the weapon and indicated only a willingness to try to help; 16) counsel testified that she trusted the two Solicitors and felt that a deal could be worked out based on Petitioner's cooperation; 17) counsel testified that three statements were admitted into evidence and

---

[6]378 U.S. 368 (1964).

14



that although the first two statements were not incriminating, the third statement admitted that Petitioner had hit the victim in the head; 18) Petitioner testified that she met with counsel three times to discuss the case; 19) Petitioner testified that she did not review discovery with counsel; 20) Petitioner testified that she was denied an attorney until she gave an incriminating statement; 21) Petitioner testified that she asked to speak to her mother after repeatedly being denied the opportunity to speak with an attorney; 22) Petitioner testified that trial counsel did not advise her about giving up the weapons without securing a deal; 23) as to the allegation that Petitioner's counsel failed to explain to Petitioner her opportunity to plead guilty, that claim was without merit; 24) counsel testified that she offered the murder weapon in hopes of receiving a plea deal; 25) as to the allegation that trial counsel failed to advise her client to not offer information regarding the possible weapons to the State, this claim was without merit; 26) trial counsel offered a strategic reason for offering the weapon to the Solicitor; 27) trial counsel testified that she hoped the release of the weapon would help foster a plea deal because the weapon could attach Roberts as the primary murderer; 28) courts are understandably wary of second guessing defense trial tactics; 29) where counsel articulates valid reasons for employing a certain strategy, counsel's choice of tactics will not be deemed ineffective assistance; 30) trial counsel articulated valid strategic reasons for offering the weapon to the Solicitor; 31) even if counsel was deficient in her surrendering of the weapon, Petitioner did not show that but for the deficiency, the result of the trial would have been different; 32) the weapon offered to the Solicitor was not the weapon that Petitioner used and therefore its admission was harmless; 33) Petitioner's admission to being involved in the murder was far more inculpatory than the weapon; and 34) Petitioner did not show her counsel was deficient in that choice of tactics. See Court Docket No. 27-20, pp. 4-8.



Substantial deference is to be given to the state court's findings of fact.  Evans v. Smith, 220 F.3d 306, 311-312 (4th Cir. 2000), cert. denied, 532 U.S. 925 (2001) ["We . . . accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], cert. denied, 532 U.S. 925 (2001); Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)(en banc), cert. denied, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  See also Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001); Frye v. Lee, 235 F.3d 897, 900 (4th Cir. 2000), cert. denied, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion.  Strickland v. Washington, 466 U.S. 668, 698 (1984); Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993), cert. denied, 114 S.Ct. 487 (1993) (citing Clozza v. Murray, 913 F.2d. 1092, 1100 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991)).  Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in Williams v. Taylor, 120 S.Ct. 1495 (2000).  Bell v. Jarvis, supra; see also Evans, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal



law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claims.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland</u>, 466 U.S. at 694.  In <u>Strickland</u>, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  In order to show prejudice a Defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. <u>Mazzell v. Evatt</u>, 88 F.3d 263, 269 (4th Cir. 1996), <u>cert. denied</u>, 519 U.S. 1016 (1996).

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet her burden of showing that trial counsel was ineffective under this standard.    <u>Smith v. North Carolina</u>, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus]. Petitioner's counsel testified at the PCR hearing that Petitioner informed her that Roberts had told



17

Petitioner that she had placed the weapon or weapons[7] in Petitioner's house, and Petitioner confirmed this in her testimony.  (R.pp. 1303, 1322-1323).  Counsel testified that she approached one of the solicitors prosecuting the case about the potential of perhaps providing the weapon in hopes that Petitioner would be given some sort of reduction in her charge and that counsel was using it as a potential bargaining chip for Petitioner.  (R.pp. 1303-1304).  Counsel discussed the possibility of Petitioner being offered voluntary manslaughter, but after both of the solicitors discussed the matter, they told counsel that they couldn't promise anything, but would definitely be interested in knowing about these weapons.  (R.p. 1304).  Counsel then discussed how this might help Petitioner's case with the Petitioner; however, although the weapon was found, the Petitioner was never offered voluntary manslaughter and proceeded to be tried for murder and armed robbery.  (R.p. 1304).  Petitioner's counsel also discussed with the solicitors the possibility of Petitioner being a witness in the State's case against Roberts.  However, the State said that they were not interested in using Petitioner as a witness and never extended any type of offer.  (R.p. 1316).

Counsel's trial strategy was to convince the jury that Petitioner was not the aggressor and that she had been cooperating.  (R.p. 1307).  Further, at trial, when the State sought to introduce the weapons, Petitioner's counsel objected because the medical examiner apparently could not link the weapons to the murder.  (R.pp. 501, 1305).  However, the trial court overruled the objection based on Petitioner's statement that linked the items to the crime.  (R.pp. 503, 507, 1305).  Additionally, even if the weapon or weapons had not been introduced, Petitioner's third statement was in evidence

---

[7]There were multiple weapons used in the assault on the victim, including some type of hatchet and a knife.  (R.pp. 381-382, 500, 1304-1305, 1314).  Although the discussion of this issue often switches between references to a weapon or weapons, it appears to primarily be discussing the "hatchet", with occasional references to a knife.  (R.pp. 1304, 1314); see also Petition, pp. 7, 9.



wherein she admitted her involvement in the murder.  (R.pp. 723-729, 1315); <u>see also</u> Court Docket No. 27-1, pp. 5-8.  Specifically, Petitioner admitted to striking the victim at least one time with a pipe and to helping cover up and hide evidence.  (R.pp. 1315, 1319)); <u>see also</u> Court Docket No. 27-1, pp. 5-8.  Petitioner also admitted to putting a pillow over the victim because the victim was spurting blood.  (R.p. 1315)); <u>see also</u> Court Docket No. 27-1, pp. 5-8.

Petitioner testified that her trial counsel never warned her that there was an enormous risk in giving the weapons to the State and never offered to Petitioner that there would be some kind of benefit in doing so.  (R.p. 1324).  However, the PCR court found that trial counsel offered a strategic reason for offering the weapon to the Solicitor, which was that she hoped the release of the weapon would help foster a plea deal because the weapon could attach Roberts as the primary murderer.  The PCR court further found that trial counsel articulated valid strategic reasons for offering the weapon to the Solicitor, and that even if counsel was deficient in her surrendering of the weapon, Petitioner had not shown that but for the deficiency, the result of the trial would have been different.  The PCR court also found that the weapon offered to the Solicitor was not the weapon Petitioner used, and therefore its admission was harmless and that Petitioner's admission to being involved in the murder was far more inculpatory than the weapon.  The PCR court concluded that Petitioner had not shown that counsel was deficient in that choice of tactics.  <u>See</u> Court Docket No. 27-20, pp. 8-9.

After careful review of the record in this case the undersigned finds no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to this issue. <u>Evans</u>, 220 F.3d at 312.  Although Petitioner speculates that if the weapons had not been introduced it would have affected the outcome of the case, Petitioner's own speculation as to what may or may



not have happened is insufficient to show that her counsel was ineffective. While the decisions of trial counsel are always subject to being second guessed with the benefit of hindsight, tactical and strategic choices made by counsel after due consideration do not constitute ineffective assistance of counsel. Strickland, 466 U.S. at 689. There is a strong presumption that counsel's conduct during trial was within the wide range of reasonable professional assistance, and this Court should not scrutinize counsel's performance by looking at the decisions made in an after the fact manner. Id. at 688-689; Bunch v. Thompson, 949 F.2d 1354 (4th Cir. 1991), cert. denied, 505 U.S. 1230 (1992); Horne v. Peyton, 356 F.2d 631, 633 (4th Cir. 1966), cert. denied, 385 U.S. 863 (1966); Burger v. Kemp, 483 U.S. 776 (1987); see also Harris v. Dugger, 874 F.2d 756, 762 (11th Cir. 1989), cert. denied, 493 U.S. 1011 (1989) [An informed decision by trial counsel should not be second guessed by a reviewing court.].

Based on the foregoing, Petitioner has failed to present evidence sufficient to show that the state court's rejection of these claims was unreasonable. Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; Bell v. Jarvis, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Therefore, these claims are without merit and should be dismissed.

### III.

In Ground Four of her Petition, Petitioner argues that she was denied fundamental



fairness, due process, and effective assistance of counsel. However, her supporting facts and arguments for this issue clarify that she is asserting an error by the trial court for "refusing to allow evidence that LaShawn Roberts wrote [Petitioner] a letter admitting that she alone had killed Amber Bone [the victim] because she was jealous." The record reflects that Petitioner's counsel attempted to introduce this evidence at trial; see (R.pp. 1027-1054); and this issue, to the extent that it is based on whether it was sufficiently corroborated, was also raised in Petitioner's direct appeal, where the South Carolina Supreme Court denied relief. See Wannamaker, 552 S.E.2d at 500-501.

Although otherwise exhausted for purposes of federal review, this is an issue of state law, and "[i]t is not the province of a federal habeas corpus court to re-examine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)["federal habeas corpus relief does not lie for errors of state law."] Federal courts must accord states deference in their determinations regarding evidence and procedure; cf Crane v. Kennedy, 476 U.S. 683, 690 (1986)["we have never questioned the power of the States to exclude evidence through the application of evidentiary rules that themselves serve the interests of fairness and reliability, even if the defendant would prefer to see this evidence admitted"]; and even where a state court's admission of evidence was error under state law, it is well-established that "a state court's misapplication of its own law does not generally raise a constitutional claim. The federal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997)(citations omitted), cert. denied, 522 U.S. 1109 (1998).

Admissibility rulings will support the grant of federal habeas relief only when the alleged error infringes on a specific constitutional right or is so prejudicial that it amounts to a denial



21

of due process.  Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir.), cert. denied, 488 U.S. 928 (1988).

Hence, the issue before this federal court is not whether the trial court erred in admitting this

evidence, but whether the admission resulted in a trial so fundamentally unfair as to deny the

Petitioner due process of law.  Rainer v. Dep't of Corrections, 914 F.2d 1067, 1072 (8th Cir. 1990),

cert. denied, 489 U.S. 1099 (1991).  The undersigned can find no such violation in the record of this

case.

        The Petitioner sought to introduce the testimony of Janet Suber, Petitioner's roommate

in jail, that she saw Roberts deliver a letter to their cell and that, "[s]he said the reason she did it was

because she was in love with Sheri and Sheri didn't feel the same way she did about her."  (R.pp. 950,

979, 985).  The State objected, and after listening *in camera* to the testimony on the issue and

considering the relevant law, the trial court excluded the evidence under Rule 804(b)(3), SCRE,

concluding that Suber's testimony was not corroborated and it also did not clearly exculpate the

Petitioner.  (R.p. 1054).

        Although Petitioner argues that the statement should have been admitted as a statement

against interest, the trial court refused to admit the evidence of the alleged contents of the missing

letter, and the South Carolina Supreme Court found no error.  The South Carolina Supreme Court

held that,

> [s]tatements against interest made by an unavailable declarant[8] may be admissible as
> an exception to hearsay rule.  Rule 804(b)(3), SCRE.  However, "[a] statement
> tending to expose the declarant to criminal liability and offered to exculpate the
> accused is not admissible unless corroborating circumstances clearly indicate the
> trustworthiness of the statement."  Id.

---

[8]Roberts invoked her Fifth Amendment privilege, and was therefore "unavailable" for hearsay
purposes.  See State v. Doctor, 413 S.E.2d 36 (S.C. 1992).



The trial court correctly ruled the hearsay was not sufficiently corroborated to be admissible.[9]

See Wannamaker, 552 S.E.2d at 500.

Petitioner has failed to present evidence or argument sufficient to show that the state court's rejection of this claim amounts to a federal violation or resulted in prejudice so as to warrant federal habeas relief. Turner, 845 F.2d at 169 [Admissibility ruling only warrants federal habeas relief where it infringes on a constitutional right or is so prejudicial that it amounts to a denial of due process]; Evans, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to clearly established federal law or based on an unreasonable determination of facts in light of the evidence presented in the state court proceeding]; Williams v. Taylor, supra; 28 U.S. C. § 2254(e)(1)[Determination of factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. This claim is therefore without merit.

### IV.

In a "supplement" Petitioner filed on January 17, 2014, she raises an allegation of ineffective assistance of counsel for failure to seek a mistrial based on the solicitor's closing argument and various challenges to evidence as independent claims. See Court Docket No. 18, pp. 5, 7. Petitioner also refers to additional potential issues, primarily in conclusory terms, in her response.

---

[9]The trial court also ruled the testimony inadmissible because the letter, even if it existed, did not exculpate appellant. Trial counsel argued the rule requires the statement merely be "offered to exculpate"; whether the statement is exculpatory is "for the jury to decide." The State Supreme Court noted that this issue had not been argued on appeal.



<u>See</u> <u>also</u> Memorandum in Opposition to Summary Judgment, pp. 3, 6, 9-10.[10]  However, despite Respondent pointing out that the issues raised in her supplement had been defaulted, Petitioner has offered no cause for her procedural default of those issues or the new issues set forth in her memorandum in opposition to summary judgment.[11]

Therefore, Petitioner has failed to show cause for her procedural default of these issues.  <u>Rodriguez</u>, 906 F.2d at 1159 ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."]; <u>see</u> discussion (Ground One), <u>supra</u>.  Furthermore, as previously discussed, Petitioner has not met her burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these claims are not considered.  <u>see</u>, <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray</u>, 477 U.S. at 496; <u>Rodriguez</u>, 906 F.2d at 1159; <u>Sawyer</u>, 505 U.S. at 348; <u>Bolender</u>, 898 F.Supp. at 881; <u>Royal</u>, 188 F.3d at 244; <u>United States v. Mikalajunas</u>, 186 F.3d at 494.

Therefore, even if these claims had otherwise been properly raised in this federal petition, they are procedurally barred from consideration by this Court, and must be dismissed.  <u>See</u> 28 U.S.C. § 2254.

## <u>Conclusion</u>

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

---

[10]Each individual page number refers to the front of the page and the material on its back side.

[11]The only "cause" which Petitioner references for procedural default deals with PCR appellate counsel, which is not grounds for a finding of cause.  <u>See</u> discussion (Ground One), <u>supra</u>.



The parties are referred to the Notice Page attached hereto.



_____
Bristow Marchant
United States Magistrate Judge

August 25, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

26
